UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALCAPONE ALO,<br><br>Plaintiff,<br><br>v.<br><br>CLOVIS POLICE DEPARTMENT,<br><br>Defendant. | Case No. 1:23-cv-00273-EPG<br><br>ORDER GRANTING IFP APPLICATION<br><br>(ECF No. 2)<br><br>ORDER TO SHOW CAUSE RE: SUBJECT MATTER JURISDICTION<br><br>(ECF No. 1) |

**I.    INTRODUCTION**

Plaintiff Alcapone Alo is proceeding *pro se* in this action and has applied to proceed *in forma pauperis* (IFP). (ECF Nos. 1, 2). Because Plaintiff has made the showing required to proceed IFP under 28 U.S.C. § 1915(a), the Court will grant the IFP application. (ECF No. 2). And because it appears that the allegations in the complaint fail to show that this Court has subject matter jurisdiction over this case, the Court will order Plaintiff to show cause why the case should not be dismissed for lack of jurisdiction.

**II.    ANALYSIS**

"Federal courts are courts of limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Accordingly, "[a] federal court is presumed to lack jurisdiction in a particular case unless the contrary affirmatively appears." *Stock W., Inc. v. Confederated Tribes of the Colville Rsrv.*, 873 F.2d 1221, 1225 (9th Cir. 1989). And "it is well established that 'a court

may raise the question of subject matter jurisdiction, *sua sponte*, at any time during the pendency of the action, even on appeal.'" *Nevada v. Bank of Am. Corp.*, 672 F.3d 661, 673 (9th Cir. 2012) (quoting *Snell v. Cleveland, Inc.*, 316 F.3d 822, 826 (9th Cir.2002)); *see* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

There are two common bases for federal subject matter jurisdiction: federal question and diversity. Under federal question jurisdiction, federal district courts "have original jurisdiction over all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Under diversity jurisdiction, federal district courts "have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000 . . . and is between . . . citizens of different states. . . ." 28 U.S.C. § 1332(a)(1). Plaintiff, as the party invoking federal jurisdiction, "has the burden of proving the actual existence of subject matter jurisdiction." *Thompson v. McCombe*, 99 F.3d 352, 353 (9th Cir. 1996).

Plaintiff's complaint brings a single claim against Defendant Clovis Police Department, alleging as follows:

> On February 10, 2023, I filed an online public records request for two separate incident[s] occur[ring] in the City of Clovis. I received a letter of determination on February 21, 2023, stating my request were denied. Clovis Police Department are "depriving" me the right to access/request/obtain public records under color of law, claiming records requested are exempt from public disclosure under Cal. Gov. Code. 7923.600 – 7923.625. Records been requested are not within scope/lists of F.O.I.A. & Cal. Gov. Code 7923.600 – 7923.625 "exemption lists."[1]

(ECF No. 1, p. 6).[2]

The complaint states that subject matter jurisdiction is based on federal questions and lists the Freedom of Information Act [FOIA] as the federal law at issue. (*Id.* at 3-4). Elsewhere, Plaintiff lists his cause of action as arising under 42 U.S.C. § 1983. However, neither FOIA nor § 1983 appear applicable.

FOIA requires federal agencies to make, subject to various exemptions, certain information available to the public. 5 U.S.C. § 552(a); *N.L.R.B. v. Robbins Tire & Rubber Co.*,

---

[1] The statutes allegedly relied on by Clovis Police Department to deny Plaintiff's public information request are part of California's Public Records Act.

[2] For readability, minor alterations, such as correcting misspellings, altering punctuation, and omitting capitalization have been made without indicating each change.

437 U.S. 214, 220-21 (1978) (providing background on FOIA). However, FOIA applies only to federal agencies. 5 U.S.C. § 551(a) (providing that "'agency' means each authority of the Government of the United States, whether or not it is within or subject to review by another agency"); *Ellis v. California Franchise Tax Bd.*, No. 21-CV-06175-JSW, 2021 WL 4864402, at *2 (N.D. Cal. Oct. 19, 2021) ("FOIA, however, applies only to federal and not to state agencies."); and *Taeotui v. San Diego Cnty. Registrar of Recs. Dep't*, No. 13-CV-2125 LAB DHB, 2014 WL 841627, at *3 (S.D. Cal. Mar. 4, 2014) ("The definition of 'agency' under the FOIA simply does not encompass state agencies or bodies, even if they are alleged to receive federal funds subject to federal regulation."). By all appearances, Defendant Clovis Police Department is not a federal agency for purposes of establishing subject matter jurisdiction under FOIA. *See Ellis*, 2021 WL 4864402, at *2 ("[State of California's Franchise Tax Board] is a state agency. Accordingly, the Court lacks subject matter jurisdiction over Plaintiff's claim.").

Additionally, "§ 1983 'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" *Graham v. Connor*, 490 U.S. 386, 393-94 (1989) (quoting *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979)). To state a claim under section 1983, a plaintiff must allege that (1) the defendant acted under color of state law, and (2) the defendant deprived him of rights secured by the Constitution or federal law. *Long v. County of Los Angeles*, 442 F.3d 1178, 1185 (9th Cir. 2006). There appears to be no applicable Constitutional right or federal law so as to invoke § 1983 in this case.

### III.   ORDER

Accordingly, IT IS ORDERED as follows:

1. Plaintiff's IFP application (ECF No. 2) is granted.
2. By no later than March 17, 2023, Plaintiff is ordered to either:
    a. File a response to this order to show cause demonstrating the basis for the Court's subject matter jurisdiction; or
    b. File an amended complaint alleging facts demonstrating the basis for the Court's subject matter jurisdiction; or
    c. File a notice voluntarily dismissing this action under Federal Rule of Civil

Procedure 41(a)(1)(A)(i) without prejudice to refiling in state court.[3]

3. If Plaintiff fails to establish the Court's subject matter jurisdiction over this case, the case may be dismissed.

4. Plaintiff is advised that failure to respond to this order to show cause may result in the dismissal of this case.

5. While the Court awaits Plaintiff's response, it will not set a scheduling conference in this case.

IT IS SO ORDERED.

Dated:   **February 27, 2023**          /s/ Erica P. Grosjean
          UNITED STATES MAGISTRATE JUDGE

---

[3] By providing this option, the Court is not weighing in on whether such a suit would be procedurally appropriate or have merit.